## CIRCUIT COURT OF THE CITY OF FREDERICKSBURG

Wood-Dale, Inc.

v.

R. E. Lee & Son, Inc., et al.

October 28, 1994

Case No. CL94-50

BY JUDGE WILLIAM H. LEDBETTER, JR.

This litigation is the product of a construction dispute.

R. E. Lee was the general contractor for the construction of the new Free Lance-Star building in Fredericksburg. By contract dated November 16, 1990, R. E. Lee subcontracted a portion of the project, primarily masonry work, to Wood-Dale. On April 26, 1991, Wood-Dale made a contract with Williams Constructors (formerly American Constructors) to set limestone panels for the building.

According to the amended motion for judgment, the owner of the premises was dissatisfied with the limestone and withheld payments under its contract with R. E. Lee. In turn, R. E. Lee withheld money from Wood-Dale. Consequently, Wood-Dale sued R. E. Lee (Count I) to recover the withheld sums and sued Williams Constructors (Counts II and III) for negligent workmanship and breach of contract.

Wood-Dale also joined Williams International Industries, Inc., as a party defendant for Counts II and III. Williams International demurred, contending that it is not a party to the contract involved in this work and that Wood-Dale's allegations are otherwise inadequate to state a cause of action against it. Arguments on the demurrer were heard on October 24, 1994.

Wood-Dale concedes that Williams International is not a party to the contract. Its basis for joining Williams International as a party defendant is

as follows. Williams International owns 80% of the stock of Williams Constructors; Williams International "provided the insurance coverage" for Williams Constructors on the project; Williams International "controlled the direction, operation, function and performance" of Williams Constructors; and Williams International had a "unity of interest and ownership" with Williams Constructors such that "an inequitable or unjust result would occur" if Williams International were not liable to Wood-Dale for the acts of Williams Constructors.

Before a corporate entity can be disregarded and a parent corporation held liable for the acts of its subsidiary, it must be shown not only that undue domination and control was exercised by the parent corporation over the subsidiary, but also that the control was exercised in such a manner as to defraud and wrong the complaining party, and that unjust loss or injury will be suffered by the complaining party as a result of such domination unless the parent corporation is held liable. *Beale v. Kappa Alpha Order*, 192 Va. 382, 64 S.E.2d 789 (1951); 4B M.J., *Corporations*, § 229.

Citing leading authorities, the Court in *Beale* observed that it is not enough that a subsidiary is so organized and controlled as to make it "merely an instrumentality, conduit or adjunct" of its parent. It must further appear that to recognize their separate entities would aid in the "consummation of a wrong." Again quoting a leading treatise on the subject, the Court noted that to disregard the ordinary immunity of stockholders "not only overturns a basic provision of statutory or common law, but is also contrary to a vital economic policy underlying the whole corporate concept. Such a result must therefore be viewed as an extraordinary exception . . . ."

If a subsidiary is duly incorporated and is functioning in a corporate capacity, it would appear that the *Beale* test for piercing the subsidiary's corporate veil in order to hold the parent corporation liable for the subsidiary's contracts or torts is rather difficult to meet. Alleging facts, however, is not the same as proving them. *See* Rule 1:3(d). Here, Wood-Dale has alleged facts and circumstances in paragraph 8 of its amended pleading that are sufficient, taken together with reasonable inferences to be drawn from those allegations, that state a sufficient claim against the parent, Williams International. Although the word "undue" does not precede the words "direction, operation, function and performance," the thrust of the allegation obviously is that Williams International dominates and controls

Williams Constructors in such a manner as to defraud and wrong Wood-Dale, with whom Williams Constructors contracted.

Therefore, the demurrer of Williams International on the ground that neither Count II nor Count III states a cause of action against it will be overruled.

Williams International also demurred to the claims for attorney's fees in Counts II and III.

A copy of the contract between Wood-Dale and Williams Constructors is attached to the plaintiff's pleading. The contract contains no provision for recovery of attorney's fees under any circumstance.

Ordinarily, in the absence of a statutory or contractual provision to the contrary, attorney's fees are not recoverable by the prevailing litigant in Virginia. The plaintiff has alleged no facts which would place this case within the ambit of any exception to this well-settled general rule. For that reason, Williams International's demurrer to Wood-Dale's claims for attorney's fees will be sustained and granted.